**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION**

|                                  |     |                                |
|----------------------------------|-----|--------------------------------|
| CHARLES YOUNG, *et al.*,         | *   |                                |
|     Plaintiffs, | *   |                                |
|                                  | *   |                                |
|                                  | *   |                                |
| v.                               | *   | Civil Action No. 13-cv-02092-AW |
|                                  | *   |                                |
|                                  | *   |                                |
| TRAVELERS INSURANCE COMPANY,     | *   |                                |
|     Defendant. | *   |                                |
|                                  | *   |                                |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

<u>**MEMORANDUM OPINION**</u>

Pending before the Court is Defendant's Motion for Partial Dismissal of Plaintiffs'

Complaint for failure to state a claim.  Doc. No. 9.  The Court has reviewed the motion papers

and concludes that no hearing is necessary.  *See* Loc. R. 105.6 (D. Md. 2011).  For the reasons

that follow, Defendant's Motion will be GRANTED.

## I.  BACKGROUND

The following allegations are taken from Plaintiffs' Complaint.  This case concerns a

homeowner's insurance policy that Plaintiffs Charles and Margaret Young obtained from

Defendant Travelers Insurance Company ("Travelers")[1] for a property in Lanham-Seabrook,

Maryland (hereinafter, "the Property"), in or about July 2007.  Plaintiffs consistently and timely

paid all premiums owed to Travelers as required by the policy.  On or about January 26, 2012,

and through no fault of Plaintiffs, a pipe behind one of the Property's bathtubs broke, resulting in

---

[1] Defendant contends that it should have been named as The Automobile Insurance Company of Hartford, Connecticut.  However, Plaintiffs have not conceded this point, and most of the policy documents attached to their Complaint list "Travelers."  Accordingly, at least for the purposes of this Memorandum Opinion, the Court will refer to Defendant as Travelers.

water damage.  Plaintiffs were not aware at any time prior to that event of any signs of water damage or similar issues on the Property.  As a result of the damage, Plaintiffs filed a claim with Travelers under the terms of their policy, which provides coverage of losses that are caused by water damage.

Travelers sent Jonathan Yasik, one of its authorized claims adjusters, to the Property to inspect the damage and assess Plaintiffs' claim.  According to Plaintiffs, Yasik initially agreed to write an estimate for the damage and authorize a check to Plaintiffs for payment of the claim. Yasik subsequently reversed course, however, and allowed Plaintiffs' claim to sit dormant for several months.  Travelers subsequently informed Plaintiffs that their claim was being denied due to preexisting damage to the Property.  Following its denial, Travelers did not conduct any further investigation of the Property to confirm its finding of preexisting damage and provided no further detail as to the grounds upon which Plaintiffs' claim was denied.

Plaintiffs' Complaint consists of four counts against Travelers: (I) Breach of Contract; (II) Intentional Breach of the Implied Covenant of Good Faith and Fair Dealing; (III) Breach of the Implied Covenant of Good Faith and Fair Dealing; and (IV) Tort Arising from Breach of Contract – Actual Malice.  Plaintiffs also seek a declaration from the Court that they are entitled to coverage under the terms of the policy, damages exceeding $75,000 for Plaintiffs' breach and failure to act in good faith, punitive damages, and attorney's fees.

## II.    STANDARD OF REVIEW

The purpose of a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is "to test the sufficiency of [the] complaint."  *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999).  Except in certain specified cases, the complaint need only satisfy Rule 8(a) of the Federal Rules of Civil Procedure, which requires a "short and plain statement of the

claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A plaintiff must

plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 544, 570 (2007). In resolving a motion to dismiss, the Court should proceed

in two steps. First, the Court should determine which allegations in the Complaint are factual

allegations entitled to deference, and which are mere legal conclusions that receive no deference.

*See Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). "Threadbare recitals of the elements of a

cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678. Second,

"[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then

determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679.

In its determination, the Court must "accept the well-pleaded allegations of the complaint

as true," *Albright v. Oliver*, 510 U.S. 266, 268 (1994), and "must construe factual allegations in

the light most favorable to the plaintiff," *Harrison v. Westinghouse Savannah River Co.*, 176

F.3d 776, 783 (4th Cir. 1999). The Court should not, however, accept unsupported legal

allegations, *Revene v. Charles Cnty. Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989), "legal

conclusion[s] couched as . . . factual allegation[s]," *Papasan v. Allain*, 478 U.S. 265, 286 (1986),

or conclusory factual allegations devoid of any reference to actual events, *United Black*

*Firefighters of Norfolk v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979). "Factual allegations must be

enough to raise a right to relief above the speculative level . . . on the assumption that all the

allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555.

## III.    ANALYSIS

Travelers moves under Rule 12(b)(6) to dismiss Counts II, III, and IV, Plaintiffs' request

for declaratory relief, Plaintiff's request for relief for Travelers' alleged failure to act in good

faith, and Plaintiffs' requests for punitive damages and attorney's fees. The Court will address each of the disputed claims in turn.

A.    Counts II and III: Breach of Implied Covenant of Good Faith and Fair Dealing

While denominated as separate claims, Counts II and III are virtually indistinguishable from each other, and the Court will consider them together.[2] Generally, Plaintiffs allege that Travelers breached the implied covenant of good faith and fair dealing by delaying the processing of their insurance claim and ultimately denying the claim without factual support or adequate investigation. Doc. No. 1, ¶¶ 31-38, 41-48.

 "Maryland law does not recognize an independent cause of action for breach of the implied covenant of good faith and fair dealing." *Cutler v. Wal-Mart Stores, Inc.*, 927 A.2d 1, 11 (Md. Ct. Spec. App. 2007). A breach of the implied covenant simply supports a cause of action for breach of contract. *Id.* "The implied duty of good faith prohibits one party to a contract from acting in such a manner as to prevent the other party from performing his obligations under the contract." *Id.* (quoting *Mount Vernon Props., LLC v. Branch Banking and Trust Co.*, 907 A.2d 373, 381 (Md. Ct. Spec. App. 2006)). Plaintiffs argue that the Court should not dismiss Counts II and III, but rather, should treat them as parts of their breach of contract claim in Count I. *See* Doc. No. 13 at 3-4. However, Plaintiffs have not pled that Travelers somehow prevented them from performing their obligations under the contract. Furthermore, because Count I already states a claim for breach of contract, Counts II and III are duplicative. *See, e.g.*, *Mount Vernon*, 907 A.2d at 381 (quoting *Swedish Civil Aviation Admin. v. Project Mgmt. Enters., Inc.*, 190 F.

---

[2] The Court discerns two differences between Counts II and III. First, Count II is labeled as an "intentional" breach. Second, Plaintiffs allege in Count II that Travelers was required to make an "informed judgment" in investigating their claim, Doc. No. 1 ¶ 31, while in Count III, they allege that Travelers was required to make an "informed *and honest* judgment," *id.* ¶ 41 (emphasis added).

Supp. 2d 785, 794 (D. Md. 2002)).  Accordingly, the Court will dismiss Counts II and III with prejudice.

      B.     <u>Count IV: Tort Arising from Breach of Contract – Actual Malice</u>

Under Count IV, Plaintiffs allege that "Travelers acted without legal justification and excuse but with an evil or rancorous motive influenced by hate, the purpose being to deliberately and willfully injure Plaintiffs, such that the Plaintiffs would not get the insurance coverage that they had paid Travelers for, and suffer other economic and financial damages."  Doc. No. 1 ¶ 51.

"[T]he duty which is owed to an insured for failure to settle a claim sounds in contract and not in tort."  *Hartz v. Liberty Mut. Ins. Co.*, 269 F.3d 474, 476 (4th Cir. 2001) (applying Maryland law); *see also, e.g.*, *Jones v. Hyatt Ins. Agency, Inc.*, 741 A.2d 1099, 1107-08 (Md. 1999) ("Under Maryland law, an insurer who mistakenly denies coverage does not breach a tort duty owed either to the insured or to third-party claimants. . . . Instead, the duty owed . . . is entirely contractual."); *Yuen v. Am. Republic Ins. Co.*, 786 F. Supp. 531, 533 (D. Md. 1992) ("The purpose of this rule is to confine actions between an insured and his or her insurer to the realm of contract law, rather than letting such actions expand to tort proportions.").  Maryland courts have not recognized the existence of a tort duty in a suit against an insurer for failure to process or settle a first-party insurance claim, and Plaintiffs have not identified any independent basis, apart from the contract itself, for the existence of any duty owed to them.  *See, e.g.*, *Mesmer v. Maryland Auto. Ins. Fund*, 725 A.2d 1053, 1058 (Md. 1999) ("A contractual obligation, by itself, does not create a tort duty.  Instead, the duty giving rise to a tort action must have some independent basis.").  Accordingly, Count IV will be dismissed with prejudice.

C.     Declaratory Judgment

Plaintiffs request in their Prayer for Relief a declaration from the Court that they "are entitled to insurance coverage under the Policy for the damage described herein."  Doc. No. 1 at 9.  To prevail on their breach of contract claim, however, Plaintiffs must establish that they are entitled to coverage.  Accordingly, the request for declaratory relief is duplicative, and will be dismissed by the Court.  *See, e.g.*, *Sharma v. OneWest Bank, FSB*, No. DKC 11-0834, 2011 WL 5167762, at *6 (D. Md. Oct. 28, 2011); *Harte-Hanks Direct Mktg./Balt., Inc. v. Varilease Tech. Fin. Grp., Inc.*, 299 F. Supp. 2d 505, 528 (D. Md. 2004).

D.     Failure to Act in Good Faith

In their Prayer for Relief, Plaintiffs request damages for Defendant's "failure to act in good faith toward Plaintiffs in its handling of the Claim."  Doc. No. 1 at 10.  Furthermore, as discussed above, Counts II, III, and IV are premised largely upon Travelers' alleged bad faith in the handling of Plaintiffs' claim.

To the extent Plaintiffs' claim of bad faith sounds in tort, Maryland law does not recognize such a common law claim.  *See supra* Part III.B; *see also Yuen*, 786 F. Supp. at 531 ("[I]t is well-settled that there is no first party bad faith claim maintainable against an insurer under Maryland law").  However, Maryland law does permit a statutory action against insurers for failure to act in good faith.  Md. Code, Cts. & Jud. Proc. § 3-1701(d)(2).  Under this section, a party may not file a court action prior to filing an administrative complaint with and receiving a final decision from the Maryland Insurance Administration ("MIA").  *Id.* § 3-1701(c); Md. Code, Ins. §§ 27-1001(c), (d).  There are three exceptions to the requirement that a party exhaust its administrative remedies with the MIA prior to filing suit: (1) if the action is within the small claim jurisdiction of the Maryland District Court, Md. Code, Cts. & Jud. Proc. § 4-405 (damages

claims not exceeding $5,000); (2) if the insured and insurer agree to waive the requirements of administrative exhaustion; or (3) if the claim is made under a commercial insurance policy in which the applicable limit of liability exceeds $1,000,000. *Id.* § 3-1701(c)(2).

Plaintiffs have not pled that they exhausted their administrative remedies. Indeed, Plaintiffs' opposition in response to Defendant's Motion for Partial Dismissal does not address the statutory scheme at all. Plaintiffs also do not deny that the exceptions in § 3-1701(c)(2) do not apply to their claims against Travelers.[3] Because Plaintiffs have failed to exhaust their administrative remedies on a claim of bad faith against Defendant, the Court does not have subject matter jurisdiction over the claim. *See, e.g.*, *Bierman v. United Farm Family Ins. Co.*, No. RDB-12-2445, 2013 WL 1897781, at *7-8 (D. Md. May 6, 2013) (noting that subject matter jurisdiction is lacking where administrative remedies are not exhausted and no exceptions apply, but finding that the court had subject matter jurisdiction over the claim before it because the aggregate liability limits on the relevant policy exceeded $1,000,000).

The elements of a statutory cause of action under § 3-1701(d) include determining coverage under a policy of insurance and the actual damages under the policy, Md. Code, Cts. & Jud. Proc. §§ 3-1701(d)(1), (3), the same relief sought by Plaintiffs in Count I of the pending action. Maryland's rule against claim-splitting would therefore prohibit any attempts by Plaintiffs to file a complaint with the Maryland Insurance Administration. *See, e.g.*, *Dill v. Avery*, 502 A.2d 1051, 1052 (Md. 1986) ("The law does not permit the owner of a single or entire cause of action, or an entire or indivisible demand, to divide or split that cause or demand so as to make it the subject of several actions, without the consent of the person against whom

---

[3] Plaintiffs are demanding damages exceeding $75,000, more than the $5,000 limit for Maryland District Court actions, and Travelers has not agreed to waive the statutory requirements. Furthermore, based on the policy documents attached to Plaintiffs' Complaint, Doc. No. 1 Ex. A, it appears that the limit of liability in the policy is less than $1,000,000. *See* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.").

the cause or demand exists.") (citations omitted).  Therefore, Plaintiffs' freestanding claim of bad faith must be dismissed with prejudice.

      E.    <u>Punitive Damages</u>

As discussed above, Plaintiffs' sole cause of action against Travelers is for breach of contract.  *See supra* Parts III.B, III.D.  "In an action for breach of contract alone . . . punitive damages are not available even if the plaintiff can show actual malice."  *Johnson v. Fed. Kemper Ins. Co.*, 536 A.2d 1211, 1214 (Md. Ct. Spec. App. 1988); *see also Stephens v. Liberty Mut. Fire Ins. Co.*, 821 F. Supp. 1119, 1123 (D. Md. 1993) ("The existence of an independent tort duty which, upon a showing of actual malice, could support an award of punitive damages, simply cannot be gleaned from Maryland's common law.").  Accordingly, Plaintiffs' request for punitive damages will be dismissed with prejudice.

      F.    <u>Attorney's Fees</u>

Maryland law does not permit an award of attorney's fees in an action against an insurer to enforce first party coverage.  *See, e.g.*, *Bausch & Lomb Inc. v. Utica Mut. Ins. Co.*, 735 A.2d 1081, 1095 (Md. 1999); *Chang v. Brethren Mut. Ins. Co.*, 897 A.2d 854, 864 (Md. Ct. Spec. App. 2006).  Accordingly, Plaintiffs' request for attorney's fees will be dismissed with prejudice.

## IV.   **CONCLUSION**

For the foregoing reasons, Defendant's Motion for Partial Dismissal will be GRANTED.  A separate Order will follow.

<u>September 19, 2013</u>                                        _____/s/_____
        Date                                             Alexander Williams, Jr.
                                               United States District Judge